IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| PHILLIP WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:21-cv-00008 |
| GILES COUNTY BOARD OF EDUCATION, | ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Giles County Board of Education's ("the County") motion for summary judgment. (Doc. No. 17). Plaintiff Phillip Wright ("Wright") filed a response in opposition (Doc. No. 25), and the County filed a reply (Doc. No. 30). For the reasons discussed below, the County's motion will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The County hired Wright to be its Director of Schools in May 2015. (Doc. No. 31 ¶ 1). Wright sustained a disabling spinal cord injury from a fall at work on Monday, March 4, 2019 (the "Injury"). (Doc. No. 26 ¶ 5). Nevertheless, Wright attended the County's board meeting later that week and informed the board members of the severity of his injuries. (Doc. No. 31 ¶ 17). A week after the Injury, Wright notified the County that he had a "spinal cord contusion" which required him to use a walker and rendered him unable to drive. (*Id*. ¶ 18). At that time, Wright notified the County that he would need to attend physical therapy three times a week and requested to work from home. (*Id*. ¶¶ 18, 19).

Wright attended the County's board meeting on April 4, 2019 and requested to work half-days on Tuesdays and Thursdays and to work from home sometimes. (Doc. No. 27-4 at PageID #

710; Doc. No. 31 ¶ 26). At some point after the Injury, Wright also spoke to a board member about his need to relocate his office to a floor with a restroom on it. (Doc. No. 31 ¶ 20). Prior to the Injury, the County scored Wright over a 3 (out of 4) in his yearly evaluations. (*Id*. ¶ 9). In April 2019, the County scored Wright below a 3 in his evaluation. (*Id*. ¶ 10).

Wright went on medial leave in May 2019. Between June and September 2019, Wright verbally requested that the County make its boardroom and bathroom facilities handicap accessible. (*See* Doc. No. 27-1 at PageID # 630). On September 18, 2019, through his attorney, Wright sent the County a letter stating that he believed he could return to work with a "limited schedule" and requesting a meeting to discuss accommodations. (Doc. No. 27-14 at PageID # 865). On September 19, 2019, the County terminated Wright's employment. (Doc. No. 31 ¶¶ 39-40).

Wright was devastated by his termination and his mental health deteriorated thereafter, such that he had suicidal ideations and lost confidence in his ability to work. (Doc. No. 31 ¶¶ 41, 42; Doc. No. 27-1 at PageID # 627, 645-46). It was during this bleak time for his mental health, that Wright applied for disability retirement through the Tennessee Consolidated Retirement System and for Social Security disability benefits. (*See id*.; *see also* Doc. No. 26 ¶¶ 20, 30). Wright was instructed to backdate his application for state disability benefits to the date of his termination. (Doc. No. 27-1 at PageID # 643-45). In his application for state disability benefits, Wright stated that, due to health issues including depression, "I can not [sic] perform my job or any other job." (Doc. No. 19-9 at PageID # 386-87). In his application for Social Security disability benefits, Wright certified: "I became unable to work because of my disabling condition on March 4, 2019. I am still disabled." (Doc. No. 19-12).

As a continued result of his Injury, Wright continues the use of a catheter, takes medication, and uses a cane, wheelchair, and walker for assistance depending on the distance he needs to walk.

2

(Doc. No. 31 ¶ 15). Immediately after his Injury, Wright could not control his left leg or raise his hands above his head; however, these symptoms have improved since then and Wright is now able to swim, ride a stationary bike, and lift weights. (Doc. No. 31 ¶ 15). Wright has stabilized his mental health by talking to a deacon at his church, engaging in physical activities, and taking medication for depression. (Doc. No. 31 ¶ 45).

On March 2, 2021, Wright filed the present action against the County, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act of 2008. (Doc. No. 1).[1] On May 27, 2022, the County filed the pending motion for summary judgment. (Doc. No. 17).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's*

---

[1] "[A]s a general rule, a plaintiff's complaint need not expressly plead legal theories; it is sufficient to plead factual allegations that can establish a viable theory." *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 606–07 (6th Cir. 2022) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam); *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021)).

*Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

"Failure to provide a reasonable accommodation to a disabled, but otherwise qualified, person in the workplace is deemed unlawful discrimination under the ADA." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 391 (6th Cir. 2017) (citing 42 U.S.C. § 12112(b)(5)(A); *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007)). Because Wright's claims are premised on the County's alleged failure to offer a reasonable accommodation, his claims are analyzed under the direct-evidence framework, which requires Wright to establish that (1) he is disabled, and (2) that he is "otherwise qualified" for the position despite his disability. *See Blanchet v. Charter Commc'ns, LLC*, 27 F.4th 1221, 1227 (6th Cir. 2022); *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 417 (6th Cir. 2021) (same); *Fisher v. Nissan North Am., Inc.*, 951 F.3d 409, 417 (6th Cir. 2020) (same); *Williams*, 847 F.3d at 391; *Kleiber*, 485 F.3d at 869 (same).[2] The County does not dispute that Wright is disabled; therefore the sole issue is whether Wright is "otherwise qualified" for his position despite his disabilities. (*See* Doc. No. 17).

---

[2] The County then bears the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon' the company. *See Blanchet*, 27 F.4th at 1228; *Wyatt*, 999 F.3d at 417-18; *Fisher*, 951 F.3d at 417; *Kleiber*, 485 F.3d at 869. Here, the County makes no arguments concerning undue hardship or the essential functions of Wright's position. Accordingly, the Court does not address these issues.

4

Under the ADA, an employee is "otherwise qualified" for their position if they can perform the essential functions of their job with or without a reasonable accommodation. 42 U.S.C. § 12111(8). Through the pending motion, the County argues Wright is not a "qualified individual" because he represented that he was totally disabled in his applications for state and federal disability benefits and still receives disability benefits. (*See* Doc. No. 17-1 at 8-20) (citing *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999)). Although application and receipt of disability benefits is not "by itself conclusive evidence that an individual is completely incapable of working[,]" *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 429 (6th Cir. 2014) (citing *Cleveland*, 526 U.S. at 797–98), to survive the County's motion for summary judgment, Wright must provide an explanation sufficient to warrant a reasonable juror finding that, despite his statement that he is unable to work, that he could nonetheless perform the essential functions of his job with reasonable accommodation. *See Cleveland*, 526 U.S. at 806-07; *Williams v. London Util. Comm'n*, 375 F.3d 424, 429 (6th Cir. 2004); *see also Griffith v. Wal–Mart Stores, Inc.*, 135 F.3d 376, 383 (6th Cir. 1998).

Wright has met this burden. There is evidence in the record that Wright performed his job satisfactorily for several years before the Injury, and that, although he made requests for accommodation, he continued to work for periods of time following the Injury before his termination. (Doc. No. 31 ¶¶ 9-10, 19). Additionally, Wright contends that his prior statements in his applications for disability benefits do not contradict the foregoing proof because those applications did not contemplate reasonable accommodations. Even if Wright thought at the time of his disability benefit applications that he was not able to perform the Director of Schools job or any job, his explanation that he was depressed at that time but has improved mental health now could allow a reasonable juror to conclude that he is qualified with reasonable accommodations to

make his workspaces handicap accessible. (Doc. No. 31 ¶¶ 41, 42; Doc. No. 27-1 at PageID # 627, 645-46). Although a jury may ultimately decide that Wright's explanation of his prior statements is not credible, Wright has presented sufficient proof to establish a genuine issue of material fact as to whether he was "otherwise qualified." Moreover, there are material disputes of fact as to when Wright requested certain accommodations and what those requested accommodations were. Because the County has failed to demonstrate the absence of material disputes of fact, summary judgment is inappropriate.

      An appropriate Order shall enter.

                                                                                     _____
                                                                                     WILLIAM L. CAMPBELL, JR.
                                                                                      UNITED STATES DISTRICT JUDGE